LAW OFFICES OF
WILLIAM FENTON SINK

WILLIAM FENTON SINK   #3546
Dillingham Transportation Bldg.
735 Bishop Street, Suite 400
Honolulu, Hawai'i 96813
Telephone: 531-7162
Facsimile: 524-2055
Email: jennifer@wfsinklaw.com

Attorney for Plaintiff

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-20-0001652**
**11-DEC-2020**
**08:59 AM**
**Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| RORY V. HATICO,<br><br>    Plaintiff,<br><br>vs.<br><br>PANASONIC AVIONICS CORPORATION, JOHN AND MARY DOES 1-10, DOE CORPORAT-IONS, PARTNERSHIPS or OTHER ENTITIES 1-10,<br><br>    Defendant. | CIVIL NO.: _____<br>(Wrongful Termination, Retaliation, Breach of Contract, Intentional Infliction of Emotional Distress, Intentional Interference with Prospective Economic Advantage)<br><br>**COMPLAINT; SUMMONS** |

## COMPLAINT

Plaintiff RORY V. HATICO, by and through his above named attorney, for a complaint against the Defendants PANASONIC AVIONICS CORPORATION alleges and avers as follows:

*I. Parties.*

1.   At all times mentioned herein, Plaintiff RORY V. HATICO (hereinafter referred to as "Rory" or "Plaintiff"), was employed by Defendant PANASONIC AVIONICS

**EXHIBIT A**

CORPORATION as a Maintenance Service Representative and resided in the City and County of Honolulu, State of Hawai'i.'

2. At all times mentioned herein, Defendant PANASONIC AVIONICS CORPORATION (hereinafter referred to as "Panasonic") was a business that employed Plaintiff and was operating in the City and County of Honolulu, State of Hawai'i.

3. That Defendants JOHN AND MARY DOES 1-10 and DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10 (hereinafter collectively "Doe Defendants") are other persons or entities which owned, possessed, controlled or in some manner were responsible or liable for the events and incident described herein, that caused Plaintiff's injuries. Doe Defendants are named herein as parties pursuant to Rule 17(d) of the Hawai'i Rules of Civil Procedure. Plaintiff will identify such defendants when their names and capacities are ascertained.

## *II. Statement of Facts.*

4. On or around June 4, 2018, Plaintiff Rory was employed by Defendant as a Maintenance Service Representative.

5. On July 1, 2020, Plaintiff Rory was wrongfully terminated by Defendant.

6. On or around February 24, 2019, Plaintiff Rory was injured while working and was subsequently involved in three other car accidents.

7. Plaintiff Rory filed a claim for Disability Benefits with the State of Hawai'i, Department of Labor and Industrial Relations, Disability Compensation Division on January 27, 2020 ("TDI claim").

8. On March 16, 2020, after an investigation by the State of Hawaii, Department of Labor and Industrial Relations, it was found that Plaintiff was eligible for the maximum weekly benefit amount regarding his TDI claim. Defendant Panasonic was ordered to pay Plaintiff Rory $8,157.60 less appropriate taxes and if Plaintiff's disability continued beyond March 16, 2020 and was certified by a physician, Defendant would need to continue paying benefits up to the maximum 26 weeks.

9. At the time Plaintiff filed his TDI claim, Defendant Panasonic did not have Temporary Disability Insurance and was forced to purchase Temporary Disability Insurance.

### *III. Statement of Allegations.*

10. On July 1, 2020, Plaintiff Rory was wrongfully terminated from Defendant Panasonics, in violation of public policy.

11. Because Plaintiff applied for and Defendant was ordered to pay TDI benefits to Plaintiff, Defendant retaliated against Plaintiff and put him "on full-time furlough" from April 12, 2020 to July 11, 2020.

12. Defendant retaliated against Plaintiff by continuing to furlough Plaintiff and not scheduling him to work.

13. On June 30, 2020, Plaintiff received an email from Defendant stating Defendant was "eliminating several positions and restructuring in several areas to reduce costs" as a result of Plaintiff filing for TDI benefits.

### *IV. Causes of Action.*

14. That as a result of Plaintiff's whistleblowing and his objecting to law breaking in violation of public policy, Plaintiff was wrongfully terminated.

15. Defendant's illegal actions led to Plaintiff's termination, in violation of HRS §§ 368 et seq and 378 et seq.

16. Defendant retaliated against Plaintiff in his employment because Plaintiff filed a TDI claim against Defendant, Defendant was forced to purchase Temporary Disability Insurance, and Defendant was forced to pay Plaintiff TDI benefits. This was in violation of public policy under Parnar and its progeny.

17. Defendant retaliated against Plaintiff by wrongfully terminating him in violation of the Hawai'i State Whistleblowers Protection Act, HRS § 378-62 et seq., Parnar and its progeny, common law, and public policy.

18. That Defendant breached its contract with Plaintiff in that it failed to abide by the guidelines it set out in Defendant's employee handbook and employment contract.

19. That Defendant interfered with Plaintiff's compensation, terms, conditions and privileges of employment, intentionally interfered with Plaintiff's economic advantage and intentionally and/or negligently inflicted emotional distress, thereby subjecting Defendant to punitive damages.

20. That Defendant intentionally interfered with Plaintiff's economic advantage.

21. That Defendant's actions, and lack thereof, caused Plaintiff to suffer severe emotional and psychological damages from the above intentional actions causing intentional and negligent infliction of emotional distress.

## V. Prayer.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. General damages for emotional and psychological injuries according to proof;

2. Special damages for economic losses and expenses according to proof;

3. Punitive and exemplary damages according to proof;

4. For pre-judgment interest, Plaintiff's cost of suit, and attorneys' fees; and

5. For such other relief as the court deems just and proper.

DATED: Honolulu, Hawaii, December 11, 2020.

/s/ *William Fenton Sink*
_____
WILLIAM FENTON SINK
Attorney for Plaintiff

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER 1CCV-20-0001652 |
|---|---|---|
| **PLAINTIFF** RORY V. HATICO, | VS. **DEFENDANT(S)** PANASONIC AVIONICS CORPORATION; JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10 | Electronically Filed FIRST CIRCUIT 1CCV-20-0001652 11-DEC-2020 11:04 AM Dkt. 7 SUMM |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

WILLIAM FENTON SINK #3546
735 Bishop Street, Suite 400
Honolulu, Hawai'i 96813
Telephone: 531-7162
Facsimile: 524-2055
Email: jennifer@wfsinklaw.com

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

WILLIAM FENTON SINK, ESQ.

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019 Signed by: /s/ Patsy Nakamoto Clerk, 1st Circuit, State of Hawai'i |  |

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint   RG-AC-508 (10/19)